IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DEAUVILLE, INC., <br> D/B/A MONOCLE RESTAURANT <br><br> Defendant. | ) <br> ) <br> ) Case: 1:10-cv-00586 <br> ) Assigned To : Sullivan, Emmet G. <br> ) Assign. Date : 4/14/2010 <br> ) Description: Employ Discrim. <br> ) <br> ) JURY TRIAL DEMAND <br> ) <br> ) <br> ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin and religion, and to provide appropriate relief to persons who were adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), alleges that Defendant, Deauville, Inc., d/b/a Monocle Restaurant ("Defendant"), subjected Faissal Chtaiti and Hilal Suboh to a hostile work environment because of their religion (Muslim) and national origin (Chtaiti: Moroccan; Suboh: Palestinian).

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Columbia.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the District of Columbia and the City of Washington, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Faissal Chtaiti and Hilal Suboh, each filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant operates a restaurant in Washington, DC under the name Monocle Restaurant. Said restaurant is located at 107 D Street, NE, Washington, DC 20002 (hereafter "the restaurant"). Defendant engaged in unlawful employment practices at the restaurant in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) as set forth below:

   a. From around December 2004 until December 2007, Defendant subjected Faissal Chtaiti, who worked as a waiter at the restaurant, to harassment that created a hostile work environment based on his religion (Muslim) and national origin (Moroccan). The harassment was perpetrated by the Defendant's General Manager who was Chtaiti's immediate supervisor. The harassment included unwelcome comments about Chtaiti's

national origin and religion, such as telling Chtaiti things like, he eats "like a camel," looks "like a fucking terrorist with [his] haircut", and "should go back to the Sahara because it's better for you Arabs with the camels." The General Manager also called Chtaiti "crazy Muslim," "stupid Muslim," and "Arab dog," among other things. Many times these names were accompanied by expletives. When Chtaiti was fasting for his religious observance of Ramadan in 2006, the General Manager told Chtaiti that in doing so, Chtaiti was "f--king crazy," "out of his mind" and that he, the General Manager, wanted to "kill all the Arabs in Morocco and just leave the Berbers [the indigenous people of North Africa]." The General Manager made these types of comments daily to Chtaiti, and often made them several times per day.

     b.    From around November 2005 until July 2006, Defendant subjected Hilal Suboh, who worked as a waiter at the restaurant, to harassment that created a hostile work environment based on his religion (Muslim) and national origin (Palestinian). The harassment was perpetrated by the Defendant's General Manager who was Suboh's immediate supervisor. The harassment included unwelcome comments about Suboh's national origin and religion, such as calling Suboh "Arab camel," "Arab dog," "crazy Muslim" and "stupid Muslim," among other things. Many times these names were accompanied by expletives. The General Manager would also tell Suboh that he "understood why Palestinian people are so f--ked up," that "the Palestinians should learn how to handle the f--king Jews," and that he [the General Manager], "preferred to work with Greeks." The General Manager made these types of comments daily to Suboh, and

continued doing so. Neither Chtaiti nor Suboh welcomed or invited the comments in any way and both also complained about the comments to Defendant's Owner. Specifically, in February 2006 and again in May 2006, Chtaiti told Defendant's Owner that the General Manager was harassing him because of his national origin and religion. Chtaiti told Defendant's Owner that the harassment included the General Manager referring to him as "f--king Arab" and by other derogatory terms. Chtaiti also told Defendant's Owner that he felt that the General Manager was targeting him because of where he is from and because of his religion. At least three times between February and March 2006, Suboh specifically complained to Defendant's Owner about the General Manager's derogatory comments about his religion and national origin. Both Chtaiti and Suboh specifically stated to the General Manager and to Defendant's Owner that the comments were offensive and humiliating. Despite their complaints, Chtaiti and Suboh continued to be subjected to the unwelcome derogatory comments based on their religion and national origin until around July 2006 after they filed charges of discrimination.

    c. Defendant is liable for the harassment perpetrated against Chtaiti and Suboh and the resulting hostile work environment because the General Manager who created the hostile work environment is a supervisor in the direct line of authority over Chtaiti and Suboh.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Faissal Chtaiti and Hilal Suboh of equal employment opportunities and otherwise adversely affect their status as employees, because of their religion (Muslim) and national origin (Chtaiti, Moroccan; Suboh, Palestinian).

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Chtaiti and Suboh.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from creating, maintaining or engaging in a hostile work environment or any other employment practice which discriminates on the basis of religion and national origin, and from retaliating against employees who oppose practices made unlawful by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Muslims, Moroccans and Palestinians, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Faissal Chtaiti and Hilal Suboh by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

D. Order Defendant to make whole Faissal Chtaiti and Hilal Suboh by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

E.  Order Defendant to pay Chtaiti and Suboh punitive damages for its malicious and/or reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint. This the 14th day of April, 2010.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street. N.E.
5th Floor, Suite 5SW28F
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202

TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office

Edward O'Farrell Loughlin
Trial Attorney
Washington Field Office
131 M Street, N.E., Suite 4NW02F
Washington, DC 20507
Edward.loughlin@eeoc.gov
Phone: (202) 419-0748
Fax: (202) 419-0739
Virginia State Bar No. 70182