IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DEAUVILLE, INC., D/B/A MONOCLE RESTAURANT<br>Defendant. | CIVIL ACTION NUMBER<br>1:10-cv-00586<br><br><br><br><br><br>__CONSENT DECREE__ |

The United States Equal Employment Opportunity Commission (the "EEOC") instituted this action Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC's Complaint alleged that Defendant subjected Faissal Chtaiti and Hilal Suboh to a hostile work environment because of their religion (Muslim) and national origin (Chtaiti: Moroccan; Suboh: Palestinian). Defendant neither admits nor denies the allegations of the EEOC's Complaint. The EEOC does not disavow its allegations as set forth in the Complaint. This Consent Decree does not constitute a finding of discrimination nor is it an adjudication of this matter.

The EEOC and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of national origin or religion, or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of their opposition to any practice made unlawful under Title VII or because of their filing of a charge, the giving of testimony or assistance, or their participation in any investigation, proceeding, or hearing under Title VII.

3. Defendant shall pay the sum of $35,000 in settlement of the claims raised in this action. Payments shall be made to the following individuals in amounts determined by the Commission: Faissal Chtaiti and Hilal Suboh (the "Individual Claimants"). Within five (5) days of the entry of this decree, the Commission will provide Defendant with a schedule showing the amount to be paid to each Individual Claimant as well as the address to which payment shall be mailed. Defendant shall make payment pursuant to the schedule provided by the Commission within ten (10) days after the Court approves this Consent Decree, and Defendant shall mail the checks to the Individual Claimants at an address provided by the EEOC. Within ten (10) days after the checks have been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to the Individual Claimants.

4.   Within ten (10) days of the entry of this Decree by the Court, Defendant shall eliminate from the employment records of the Individual Claimants any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Numbers 570-2006-01300 and 570-2006-01304, as well the related events that occurred thereafter including the filing and presentation of this lawsuit. Within fifteen (15) days of the entry of this Decree by the Court, Defendant, though counsel, shall report compliance with this provision to the EEOC.

5.   Defendant agrees to provide a positive letter of reference, a copy of which is marked as Attachment A and hereby made part of this Decree, for Faissal Chtaiti. Within ten (10) days of entry of this Decree, Defendant, through counsel, shall mail a copy of the letter of reference to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202. In addition, if Defendant receives any inquiries regarding the employment of Mr. Chtaiti, in lieu of an oral response, Defendant shall provide a copy of the aforementioned letter.

6.   Within thirty (30) days of the entry of this decree by the Court, Defendant shall adopt a written anti-discrimination policy to include the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against harassment; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned thirty (30) day time period. Within forty-five (45) days of the entry of this Decree, Defendant, through counsel, shall report compliance to the EEOC. During the term of this Decree, Defendant shall distribute the aforementioned policy to all new employees and review it with them at the time of hire.

7. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph six (6) above, in a place where it is visible to employees. If any policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within forty-five days (45) after the Consent Decree is entered, Defendant will post the policy and notify the EEOC, through its counsel, that it has been posted.

8. During the term of this Decree, Defendant shall provide an annual EEO training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964 and its prohibition against harassment in the workplace. Each training program shall also include an explanation of the policy referenced in paragraph 6, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

9. The first training program shall be completed within one hundred and twenty (120) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant, through counsel, shall provide the EEOC with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant, through counsel, shall certify to the EEOC the specific training which was undertaken and shall provide the EEOC with a roster of all employees in attendance.

10. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Attachment B and hereby made a part of this Decree, in a place where it is visible to employees at each of its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant, through counsel, shall notify the EEOC that the Notice has been posted pursuant to this provision.

11. During the term of this Decree, Defendant, through counsel, shall provide the EEOC with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. Each report shall contain the information set forth below:

   a. The identities of all individuals who, during the previous six (6) months, have complained about comments or conduct based on race, national origin, or religion under Title VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, position, and social security number;

   b. For each incident identified in 11.a above, provide a brief description of the individual's complaint and explain how Defendant investigated the incident, including but not limited to: (1) who conducted the investigation; (2) the names of anyone interviewed as part of the investigation; and (3) the outcome of the investigation.

   c. For each individual identified in 11.a above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

   d. For each individual whose employment status has changed as identified in 11.c above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant, through counsel, shall send the EEOC a "negative" report indicating no activity.

12. The EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect Defendant's facilities, interview employees, and examine and copy documents.

13. If anytime during the term of this Decree, the EEOC believes that Defendant is in violation of the Decree, the EEOC shall give notice of the alleged violation to Defendant through counsel. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the EEOC exercises any remedy provided by law.

14. The term of this Decree shall be for two (2) years from its entry by the Court.

15. All reports or other documents sent to the EEOC by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

16. Each party shall bear its own costs and attorneys' fees.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of two (2) years without further action by the parties.

May 16, 2011
DATE

/s/ Gladys Kessler
Judge Gladys Kessler
United States District Court for the
District of Columbia

THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.

The parties jointly request that the Court enter and approve this Consent Decree.

This the 16th day of May, 2011

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | DEAUVILLE, INC., Defendant |
| JAMES L. LEE<br>Deputy General Counsel | <u>Albert A. Foster, Jr.</u><br>ALBERT A. FOSTER, Jr.<br>MARY S. DIEMER<br>NELSON, MULLINS, RILEY & SCARBOROUGH |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | 101 Constitution Avenue, N.W., Suite 900<br>Washington, D.C. 20001 |
| LYNETTE A. BARNES<br>Regional Attorney | Telephone: (202) 712-2800<br>Facsimile: (202) 712-2860<br>Email: al.foster@nelsonmullins.com |
| TRACY HUDSON SPICER<br>Supervisory Trial Attorney | mary.diemer@nelsonmullins.com<br><br>ATTORNEYS FOR DEFENDANT |
| s/Edward O'Farrell Loughlin<br>EDWARD O'FARRELL LOUGHLIN<br>Trial Attorney<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>131 M Street, N.W., 4th Floor<br>Washington, D.C. 20507<br>Telephone: (202) 419-0748<br>Facsimile: (202) 419-0739<br>Email: edward.loughlin@eeoc.gov<br><br>ATTORNEYS FOR PLAINTIFF | |